UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM CHARLES RULEAU,

        Petitioner,

v.

BRYAN MORRISON,

        Respondent.

_____/

Case No. 1:22-cv-480

Hon. Hala Y. Jarbou

## OPINION

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## **Discussion**

### I. Factual allegations

Petitioner William Charles Ruleau is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a jury trial in the Menominee County Circuit Court, Petitioner was convicted of breaking and entering a building with intent to commit a felony or larceny, in violation of Mich. Comp. Laws § 750.110, and possession of burglar's tools in violation of Mich. Comp. Laws § 750.116. On December 19, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent sentences of 6 to 30 years for breaking and entering and 5 to 30 years for possession of burglar's tools.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> Defendant's convictions arose from a breaking and entering that occurred at a woodworking business in Menominee in September 2017. The perpetrator broke into a building, used a tire iron or crow bar to break into cabinet drawers, and stole approximately $800. A surveillance-video system captured the perpetrator committing the crimes, although the quality of the video was not particularly good. The dispute at trial centered on whether defendant, who had long hair and a long beard at the time of trial, was the clean-shaven perpetrator captured in the surveillance video. The prosecutor presented testimony from defendant's first cousin, Gregory Ruleau (Gregory), that the person in the video was, in fact, defendant.

*People v. Ruleau*, Nos. 347091, 347092, 2020 WL 5582246, at *1 (Mich. Ct. App. Sept. 17, 2020).

On May 26, 2022, Petitioner filed his habeas corpus petition raising eight grounds for relief, as follows:

I. Right to a fair trial, due process of law, identification, admissibility of video, and lay opinion testimony.

2

> II. Insufficient evidence, fair trial and due process of law.
>
> III. Ineffective assistance of counsel. [C]ounsel failed to investigate and present Mr. Ruleau's alibi . . . suppress the video and lay witness testimony, and other issues.
>
> IV. Withheld/suppressed evidence, discovery fair trial due process.
>
> V. Miranda/right to remain silent/self-incrimination fair trial and due process of law.
>
> VI. Jury instruction 7.8 identification fair trial and due process of law.
>
> VII. Ineffective assistance of appellate counsel.
>
> VIII. Speedy trial.

(Pet., ECF No.1, PageID.6–20.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner attaches to his petition the court of appeals brief that he filed with the assistance of counsel, a *pro per* supplemental brief that he filed in the court of appeals, and his *pro per* application for leave to appeal to the Michigan Supreme Court. By way of those documents, it is apparent that Petitioner raised at least some of his issues in one or both of the appellate courts. For example, Petitioner raised the following issues in both appellate courts:

- the admissibility of the identification/lay opinion testimony of Petitioner's cousin
- the sufficiency of the identification evidence
- trial counsel's ineffective assistance by failing to investigate or present Petitioner's alibi
- the prosecutor's failure to disclose: (1) the results of state police facial recognition comparison testing of still photos taken from the video; and (2) police reports regarding persons who viewed the video but did not identify the perpetrator as Petitioner
- violation of Petitioner's right against self-incrimination by way of witness testimony and a prosecutor statement that Petitioner indicated during conversations with police that he would be going back to prison
- use of facts other than those found by the jury or admitted by Petitioner to score the offense variables when determining Petitioner's minimum sentence

Plaintiff raised one issue only in the Michigan Supreme Court:

- Improper jury instruction regarding eyewitness identification

And Plaintiff raised certain ineffective assistance of trial counsel issues only in the Michigan Court of Appeals:

- Ineffective assistance by: (1) failing to present evidence of Petitioner's cousin's bias against Petitioner; (2) failing to present evidence that Petitioner had been mistakenly identified three times in his life; and (3) failing to present evidence that staff at a local homeless shelter believed the person in the video to be a person who had recently left the shelter

Finally, there are several issues that Petitioner raises in his habeas petition that he did not raise in either of the Michigan appellate courts:

- admissibility of the video
- the due process violation caused by the admission of Petitioner's cousin's identification of Petitioner in the video
- ineffective assistance of appellate counsel
- jury instruction regarding eyewitness testimony
- speedy trial

Accordingly, Petitioner has exhausted habeas grounds II, IV, and V, as well as parts of habeas grounds I and III. The remaining habeas grounds, however, have not been fairly presented to both Michigan appellate courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law,

5

one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Menominee County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 1, 2021. Petitioner did not petition for certiorari to the United States Supreme Court, (Pet., ECF No. 1, PageID.3), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 30, 2021. Accordingly, absent tolling, Petitioner would have one year, until August 30, 2022, in which to file his habeas petition. Petitioner filed the instant petition on May 26, 2022, 96 days before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return

7

to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

8

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:    June 29, 2022                          /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 UNITED STATES DISTRICT JUDGE